## *ACCINELLI* vs. *SYNDICS OF MENARD.*

A mortgagee has a right to require the syndics to sell for cash.

It suffices that the mortgage be recorded before the cession, to be binding on the creditors.

APPEAL from the court of the parish and city of New-Orleans.

MATHEWS, J. delivered the opinion of the court.  In this case, the evidence shews, that the appellee had sold, through the agency of an attorney in fact, certain negroes to the insolvent, previous to his bankruptcy, for a price stipulated by the parties, in their contract of sale, which was not yet due, at the time of the failure and cession of property by said insolvent.

In the act of sale, a conventional mortgage was retained on the slaves, to secure the payment of the price, as evidenced by notes marked *ne varietur.*

This mortgage was recorded before the *cessio bonorum,* made by the bankrupt, &c.

The syndics, having advertised the negroes, now in question, for sale, on terms of credit, the vendor to the insolvent opposed a sale by

East'n District.
*March* 1824.

ACCINELLI
*vs.*
SYNDICS OF
MENARD.

them in that manner, and insisted on his right, as mortgage creditor, and privilege as seller, to have them sold for cash. This w s finally ordered by the court below; and from that decree, the syndics appealed.

The act of 1817, secures the right and privilege, claimed by the appellee in this case, to all mortgage creditors. But the counsel for the syndics, insists, that the preference and privilege on the property sold, had been lost, in consequence of the negligence of the seller, in not causing the act of sale to be recorded in the office of the register of mortgages, conformably to the provisions of the law of 1813, made for such cases. This would, perhaps, be true, if the appellee's pretentions rested solely on his privilege as vendor, without any stipulation of a conventional mortgage. As such mortgage had been agreed on, and as it was recorded before the cession of goods by the insolvent, we are of opinion, that the privilege of the mortgagee exists in full force against the appellants, and that his right to require the sale of the slaves hypothecated, to be made for ready money, is in no manner lost or impaired. The circumstance of the period of credit not having expired, at the time of the

East'nDistrict
*March*, 1824.

ACCINELLI
*vs.*
SYNDICS OF
BERNARD

failure of the purchaser, does not alter the situation of the parties; for, by that occurrence, all his debts became due, and due according to their ranks and privileges.

The ground of opposition, which the counsel for the appellants attempts to hold against the right and privilege claimed by the appellee, as supported by the negligence of the latter, in not causing his mortgage to be recorded three months previous to the surrender of property by the insolvent, appears to us, to be wholly untenable. According to express provision of law, a mortgage, though not recorded within the time prescribed, so as to give it effect against third persons, from the date of the instrument; has, nevertheless, its full force and effect against such persons, from the date of its registry. In the present case, the creditors *en masse*, who are represented by the syndics, acquired no right to the property of the insolvent, until after the *cessio bonorum*, and the recording of the mortgage, now under discussion, took place long before. It had effect against them, (even if we allow them to be third persons in the sense intended by law) in July: the cession of goods was not made until September following.

It is therefore ordered, adjudged, and decreed, that the judgment of the parish court be affirmed, with costs.

East'n District.
*March*, 1824.

ACCINELLI
*vs.*
SYNDICS OF
BERNARD.

*Denis* for the plaintiff, *Seghers* for the defendant.